## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

IN RE:                                                    )
                                      )

RICK GRIMES                                          )          CASE NO.: 07-10847
TRENIA GRIMES                                       )
                           Debtor(s)          )

### MEMORANDUM-OPINION

This matter is before the Court on the Debtors' Motion to Strip Off a Junior Lien of Creditor American Express Centurion Bank ("Bank"). The Court considered the arguments of counsel at the hearing held on the matter. For the following reasons, the Court **DENIES** the Motion.

### FACTUAL BACKGROUND

Debtors, Rick Grimes and Trenia Grimes ("Debtors") represent that Creditor Bank holds a recorded Judgment Lien in the amount of $14,120.08 against the Debtors' real estate in Warren County, Kentucky. A copy of said Judgment Lien was not filed with the Motion or with either claim filed by the Creditor.

Debtors own a piece of property at 1200 Boiling Springs Road, Bowling Green, Kentucky, that they use as their principal residence ("the Property"). Debtors allege the fair market value of the Property is $95,460, with U.S. Bank Home Mortgage and U.S. Bank holding senior recorded mortgages on the Property in the amounts of $68,293.73 and $8,798.16, respectively. Debtors claim an exemption on the Property in the amount of $18,368.11 pursuant to 11 U.S.C. §522(d)(1).

## LEGAL ANALYSIS

Debtors seek to strip off the Judgment Lien of the Bank pursuant to 11 U.S.C. §522(f), contending that the lien of the Bank impairs their homestead exemption. Debtors further contend the Bank's claim is wholly unsecured and thus may be stripped off under §522(f).

It is clear under Sixth Circuit authority that a wholly unsecured junior mortgage on the Debtors' principal residence is not protected from modification by 11 U.S.C. §1322(b)(2). In re Lane, 280 F.3d 663, 664 (6th Cir. 2002). One must first determine whether a lien claimant is the holder of a "secured claim" or "unsecured claim" depending upon whether the claimant's security interest has any actual value. See, Nobelman v. American Savings Bank, 508 U.S. 324 (1993) and 11 U.S.C. §506(a). If the lien has any value, regardless of how small, it is considered a "secured claim" and the lienholder's rights cannot be modified by a Chapter 13 Plan. In re Lane, 280 F.3d at 669.

The lien of the Bank is not valueless because there is equity in the Property. Considering the fair market value of the Property, the liens of U.S. Bank Home Mortgage, U.S. Bank and the Bank's lien, there is equity to which the Bank's lien can and does attach. Therefore, it cannot be stripped off.

Debtors contend §1322(b)(2) and In re Lane, do not apply because the Judgment Lien could attach to any of the Debtors' real estate, not just their principal residence. Their argument is that the anti-modification provision of §1322(b)(2) is defeated by the possibility of additional attachment. The record in this case does not present evidence that the Judgment Lien did in fact attach to other real estate, nor was this discrete issue fully briefed.

Absent contrary authority, this Court will continue to follow In re Lane. Since there is equity in the Property, the lien is considered secured and it cannot be stripped off. Accordingly, the Debtors' Motion must be denied.

## CONCLUSION

For the above reasons, Debtors' Motion to Strip Off a Junior Lien of Creditor American Express Centurion Bank is **DENIED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

IN RE:                                                    )
                                                         )
RICK GRIMES                                    )          CASE NO.: 07-10847
TRENIA GRIMES                                )
                            Debtor(s)            )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference, Debtors' Motion to Strip Off A Junior Lien of Creditor American Express Centurion Bank, be and hereby is, **DENIED**.